UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61867-CIV-ROSENBAUM/SELTZER

EDDY NELSON,

      Plaintiff,

v.

NORTH BROWARD MEDICAL CENTER,

      Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION FOR BILL OF COSTS

This matter is before the Court upon Defendant North Broward Medical Center's Motion for Bill of Costs [ECF No. 74]. The Court has reviewed Defendant's Motion and all supporting and opposing filings and is otherwise advised in the premises. For the reasons set forth below, the Court grants in part and denies in part Defendant's Motion.

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1).[1] Congress has delineated which costs are recoverable under Rule 54(d). *See* 28 U.S.C. § 1920; *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Although the Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, *see Crawford Fitting Co.*, 482 U.S. at 440–44, it may not tax as costs any items not authorized by statute. *See id.*; *United States EEOC v. W & O, Inc.*, 213 F.3d 600,

---

[1] Rule 54(d)(1) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d) (1).

620 (11th Cir. 2000).[2]  When challenging whether costs are taxable, the losing party bears the burden

to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies

within the exclusive knowledge of the prevailing party.  *See Ass'n for Disabled Ams., Inc. v. Integra

Resort Mgmt., Inc*., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).  Nevertheless,  the prevailing

party is still required to submit a request for costs sufficiently detailed to permit the court to

determine what costs were actually incurred and whether the prevailing party is entitled to them.

*Ferguson v. N. Broward Hosp. Dist.*, No. 10–61606–CIV, 2011 WL 3583754, at *3 (S.D. Fla. Aug.

15, 2011).

Because Defendant is the prevailing party here, it is presumptively entitled to an award of

costs.  The Court therefore turns to the specific costs requested by Defendant.

## I. Discussion

Here, Defendant's Bill of Costs seeks $350.00 for removal filing fees, $2,295.45 for printed

or electronically recorded transcripts, $200.00 for service-of-process fees, and $236.65 for

---

[2] Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under 28 U.S.C. § 1923; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

photocopies and documents obtained pursuant to a Public Records Request.  *See* ECF No. 74 at 1-2. Defendant has provided the Court with invoices for its Bill of Costs.  *See* ECF No. 74-1.

Plaintiff does not challenge Defendant's entitlement to costs but argues simply that an award of costs would be inappropriate because "there is a disparity in resources between the Plaintiff and his former employer."  ECF No. 75 at 2.  As Plaintiff does not dispute any itemized cost in particular, he has not satisfied his burden of demonstrating that the costs sought by Defendant are not taxable.  *See Monelus*, 609 F. Supp. 2d at 1333; *see also Chapman v. AI Transport*, 229 F.3d 1012, 1038-39 (11th Cir. 2000) (noting the strong and not-easily-overcome presumption in favor of awarding a prevailing party costs).  Nonetheless, the Court must satisfy itself that the costs Defendant seeks are allowable.  *See Crawford Fitting Co.*, 482 U.S. at 445.

A. Removal Filing Fee

Defendant seeks to recover $350.00 for removing the case to this Court.  Section 1920(1) expressly allows for taxation of "fees of the clerk."  A "removal fee is unquestionably a fee of the clerk."  *Newman v. Hous. Auth. of City of Fort Lauderdale*, 06-60359 CIV, 2007 WL 315098 (S.D. Fla. Jan. 31, 2007).  Therefore, the $350.00 removal fee is taxable.

B. Fees for Printed or Electronically Recorded Transcripts

Defendant seeks to recover $2,295.45 for the deposition transcripts of Grace King, Kimberly Brown, Lucretia Hicks ($658.50) and Eddy Nelson ($1,636.95), which Defendant relied upon its in Motion for Summary Judgment.  *See* ECF No. 74 at 2. The costs of an original transcript necessarily obtained for the case are taxable.  *See Monelus,* 609 F. Supp. 2d at 1338.  Thus, Defendant is entitled to these costs.

Some of Defendant's invoices also seek recovery of the court reporter's "appearance fee."

*See, e.g.*, ECF No. 74 Ex. A at 2.  Courts in this circuit are split on whether appearance fees are taxable.  Some courts have taken the view that the 2008 amendment of § 1920(2) suggests that court-reporter appearance fees are not longer recoverable.  *See Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (citing authority discussing the amendment, which replaced "[f]ees of the court reporter" with "fees for printed or electronically recorded transcripts," as evidence of Congress's intent to restrict recovery of appearance fees).  But the 2008 amendment to Section 1920(2) was made as part of the Judicial Administration and Technical Amendments Act of 2008 and appears in the law under the heading "Assessment of Court Technology Costs."  *See* P.L. 11-406, 2008 S. 3569, at Sec. 6, 28 U.S.C.A. § 1920.  In addition, the only other change to Section 1920 enacted by the 2008 amendments was the replacement of the words "copies of papers" with "the costs of making copies of any materials" in Section 1920(4).  *See id.*  As the Third Circuit has explained,

> This amendment to § 1920(4) originated with a recommendation of the Judicial Conference Committee on Court Administration and Case Management. . . .  The Committee "was asked to consider whether the list of taxable costs should be amended to include expenses associated with new courtroom technologies." . . .  The Committee, "[c]oncluding that adding the full range of such costs might go well beyond the intended scope of the statute, . . . recommended that the [Judicial] Conference endorse two limited amendments to 28 U.S.C. § 1920." . . . .

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 165 (3d Cir. 2012).  Thus, this Court is not convinced that Congress intended the 2008 amendment to Section 1920(2) to restrict recovery of court-reporter appearance fees.  Under these circumstances, where a split of authority exists over whether court-reporter appearance fees are recoverable costs and where Plaintiff has not specifically objected to such costs, the Court awards Defendant a total of $265.00 in such fees.

As for costs for delivery and handling of transcripts, while courts sometimes award costs for these items, they often do so on a rationale that the delivery fees are part of the court reporter's fees. *See George v. Fla. Dep't of Corr.*, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008) (reviewing cases that have and have not award delivery and handling costs).  Once again, Plaintiff does not object specifically to this request.  Because some courts allow these costs, therefore, the Court will award them for a total of $35.00.

Finally, while the costs associated with transcripts may be recoverable, costs incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel.  *See Rodriguez*, 862 F. Supp. 2d at 1320.  Although Plaintiff has not objected to these costs, Defendant's conclusory argument that all costs incurred were necessary is insufficient to show that these expenses were incurred out of necessity rather than convenience.  Accordingly, the Court will disallow these fees.[3]

## C. Fees for Service of Process

Defendant seeks to recover the costs incurred in using a private process server to serve four subpoenas in this case.  *See* ECF No. 74-1 at 3-6.  The fees for service of process by private process servers are recoverable under § 1920, as long as the fees do not exceed the amount charged by the United States Marshal for service of process.  *See K.S.R. X-Ray Supplies, Inc. v. Se. X-Ray, Inc.*, 2010 WL 4960959, at *1 (S.D. Fla. Dec. 1, 2010).  The Marshal charges $65.00 plus travel costs and

---

[3]After deducting fees for exhibit copies, indexing, and electronic and condensed copies, the Court allows the following costs: (1) $154.00 for Grace King's deposition, (2) $213.50 for Kimberly Brown's deposition, (3) $150.50 for Lucretia Hicks' deposition, (4) $1,278.00 for Eddy Nelson's deposition, (5) $265.00 for the court reporter's appearance fee, and (6) $35.00 in delivery/shipping fees.  In sum, Defendant may recover $2,096.00 for deposition costs.

other out-of-pocket expenses for serving process. *See* 28 C.F.R. § 0.114(a)(3). Costs for attempting to serve the same individual at different addresses are also not recoverable. *Tampa Bay Water, v. HDR Eng'g, Inc.*, 2012 WL 5387830, at *18 (M.D. Fla. Nov. 2, 2012); *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, L.L.C.*, 2009 WL 5127941, at *1-*2 (S.D. Fla. Nov. 6, 2009).

Thus, in the absence of documented travel or out-of-pocket expenses, the maximum recovery per subpoena is $65.00 or the actual cost incurred, whichever is less. Here, Defendant seeks to recover $50.00 for each of the four subpoenas. Accordingly, Defendant is entitled to recover a total of $200.00 for service costs.

D. Fees for Copies and Public Records Request

Defendant seeks $192.30 for photocopying costs and $44.35 for documents obtained pursuant to a Public Records Request. However, Defendant has not explained how or why these costs were incurred. As Defendant has not provided enough information for the Court to evaluate whether the these costs were necessary to the defense of this case, the Court disallows them. *See Joseph*, 2013 WL 2929464, at *2.

E. Plaintiff's Argument Against Costs

Although Plaintiff does not challenge Defendant's entitlement to taxation of costs, Plaintiff argues that an award of costs is inappropriate because of his inability to pay. *See* ECF No. 75 ¶ 5. In this regard, Plaintiff contends that he "[w]as an hourly employee suffering from a disability" and "there is a clear disparity in resources between the Plaintiff and his former employer." *Id.*

The Eleventh Circuit has held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman*, 229 F.3d at 1039. But if a court chooses to exercise its discretion to consider the non-prevailing

party's inability to pay, it should "require *substantial* documentation of a true inability to pay." *Id.* (emphasis added). Moreover, when awarding costs, "a district court should not consider the relative wealth of the parties. Comparing the financial resources of the parties would unduly prejudice parties with assets and undermine 'the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and . . . the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.'" *Id.*

In this case, although the Court sympathizes with Plaintiff's assertion that he has not found employment since his termination, Plaintiff has provided no supporting documentation evidencing an inability to pay costs. Moreover, Plaintiff seems to focus solely on the fact that Defendant possesses more resources than Plaintiff—a factor that the Court is not permitted to consider when awarding costs. As a non-prevailing party must evidence "clear proof of [his] dire financial circumstances" to justify a decrease in costs, *id.* at 1040, and Plaintiff has failed to do so here, the Court declines to deny Defendant's motion on this basis.

## II. Conclusion

Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion for Bill of Costs [ECF No. 74] is **GRANTED IN PART and DENIED IN PART**. Defendant is entitled to recover from Plaintiff $350.00 in filing fees, $2,096.00 in deposition costs, and $200.00 in service costs for a total recovery of **$2,646.00** in costs.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 27th day of May 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

cc:     counsel of record